**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MEREDITH FARRINGTON,

Plaintiff,

vs.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 2:11-cv-01801-PMP-PAL

**ORDER**

(IFP App - Dkt. #1)

Plaintiff Meredith Farrington is proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a Complaint (Dkt. #1). This proceeding was referred to this court by Local Rule IB 1-9.

**I. *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II. Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Plaintiff's Complaint does not allege a constitutional deprivation, and the Complaint does not state a claim under section 1983.

Rather, it appears Plaintiff is attempting to challenge a decision by the Social Security Administration ("SSA") denying his disability benefits. Before Plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g). Once Plaintiff has exhausted her administrative remedies, he can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which the Plaintiff resides. *Id.* The complaint should state the nature of Plaintiff's disability, when Plaintiff claims he became disabled, and when and how he exhausted his administrative remedies.

/ / /

The complaint should also contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the Social Security Administration and show that Plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Here, it is unclear from the face of the Complaint whether Plaintiff has exhausted his administrative remedies. On page five of his Application to Proceed *In Forma Pauperis*, Plaintiff indicates there was a final disposition of a case involving Michael J. Astrue resulting in a denial of benefits on September 1, 2011. However, on page six of the application, Plaintiff checked the box stating he has not exhausted his administrative remedies. As a result, the court cannot determine whether Plaintiff has received a final decision from the SSA.

All claimants must exhaust the administrative remedies set forth in 42 U.S.C. § 405(g) to invoke this court's jurisdiction. *See Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See generally* 20 C.F.R. §§ 404, 416. The Complaint does not allege that Plaintiff has taken these steps in having his claim reviewed.

As a result, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief can be granted. The court will, however, grant leave to file an amended complaint. If Plaintiff chooses to amend the complaint, he should state when and how he exhausted his administrative remedies.

Additionally, his amended complaint should set forth the nature of his disability, when he claims he became disabled, and the nature of his disagreement with the decision rendered by the SSA.

Plaintiff is informed that the court cannot refer to a prior pleading (i.e., his original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Finally, LR 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once Plaintiff files an amended complaint, the original complaint no longer serves any function in this case.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of Court shall file the Complaint.
4. Plaintiff's Complaint is DISMISSED with leave to amend. Plaintiff may file an amended complaint on or before **March 8, 2012.** If Plaintiff chooses to amend his Complaint, he should state when and how he exhausted his administrative remedies. Additionally, his amended complaint should set forth the nature of his disability, when he claims he became disabled, and the nature of his disagreement with the decision rendered by the SSA.

Dated this 7th day of February, 2012.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE